**UNITED STATES of America,**
**Appellee,**

v.

**Stanley HALPRIN, Appellant.**

No. 71-2146.

United States Court of Appeals,
Ninth Circuit.

Oct. 20, 1971.

David Unrot, Long Beach, Cal., John S. Lane, Long Beach, Cal., for appellant.

Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and ELY, Circuit Judges, and WALLACE, District Judge.*

---

* The Honorable J. Clifford Wallace, United States District Judge, Southern District of California, San Diego, California, sitting by designation.

BARNES, Circuit Judge:

Defendant appeals from his conviction by the district court, sitting without a jury, of one count of a two count indictment, namely, having in his possession the contents of a letter stolen from the United States mails, knowing it to have been stolen, 18 U.S.C. § 1708 (third paragraph).

Appellant urges three errors—One: that he was denied a continuance to secure counsel of his own choosing, to his substantial prejudice; Two: the search and seizure of evidence from his person was unreasonable; and Three: insufficiency of the evidence to prove (a) the credit card was placed in the mail; (b) that the defendant knew the credit card had been stolen from the mail.

### FACTS

Defendant was arrested when he arrived at Los Angeles International Airport from Mexico City on Western Airlines Flight No. 638 on January 5, 1971. He was detained at customs when the customs officers found empty drug bottles in the seat back pouch of seat 5–A. Enquiry by the flight crew indicated the appellant and a young lady had been sitting back of seat 5–A. This young lady when searched, had pills contained in her gloves. The appellant had no drugs in his possession.

An airline employee saw appellant arrive from Mexico, and found an American Express Credit Card on the floor of the airport within the customs area (closed to the public), near where the defendant had been standing. Assuming it was defendant's, and not immediately seeing him, the employee paged "Mr. Smith" and delivered it to the defendant, who was then being detained in a smaller customs room. Defendant said, "Thank you very much", and accepted it. The credit card was made out, issued, and mailed to "Mark E. H. Smith, III", at a Boise, Idaho address during December of 1970. Government Exhibit 2 was a card to which the stolen credit card was glued when placed in an envelope for

mailing by American Express. This card was also found in defendant's possession. Defendant's customs declaration was made out in the name of Smith. At trial, he admitted his true name, after being identified by a former wife.

Mark E. H. Smith, III of Boise, Idaho, the true addressee, testified he never received the card. The American Express representative testified as to the standard business practices regarding the mailing of credit cards and that business records showed that the card found on defendant had been mailed on December 11, 14, or 15, 1970 [R.T. 8] (Ex. 9).

Considering the alleged errors in inverse order, we are constrained to again state we cannot, on an appeal such as this, interpret the evidence in the light most favorable to the defendant, as appellant asked us to do. Instead we must look at the evidence, and all reasonable inferences therefrom, in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Kaplan v. United States, 329 F.2d 561 (9th Cir. 1964). Appellant's false use of the name on the card; his willing acceptance of it after it was found on the floor; his possession of Exhibit 2; the shortness of the time between the mailing of the card, and the double possession of the mail's contents, were all matters from which the trier of fact could reasonably conclude the appellant knew the card had been stolen, and stolen from the mails.

As to the "search", it was a border search, and no probable cause was required to make it reasonable, Murgia v. United States, 285 F.2d 14, 17 (9th Cir. 1960); Alexander v. United States, 362 F.2d 379 (9th Cir. 1966); under the circumstances here existing. The search actually revealed two undeclared watches on defendant's person.

The denial of a continuance was likewise without error. Appellant was arrested on January 5, 1971; arraigned March 23, 1971, and the case set for trial the next day. It was not until the

evening of March 23, 1971 that defendant hired counsel of his choice. On the next day, appointed counsel for defendant asked for a continuance. There were present out of town witnesses for the government (who later testified). Largely because of this, the trial judge ordered the case to proceed, but agreed to "entertain a motion to continue the trial if defendant later required it." No such request for a later continuance was made. Under such circumstances, the matter is peculiarly within the discretion of the trial court, and we find no abuse of that discretion in denying the continuance.

Appointed counsel tried the case more than adequately and, in the words of the trial court "did an excellent job for [his] client." [R.T. 85]. Appellant admits, in raising the point, "the representation of the defendant * * * [was] entirely adequate, and no contention [is] made [it] was not." [Appellant's Brief, p. 7]. We can find no prejudice to defendant.

The conviction is affirmed.